UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT L. SPILLARD,<br><br>    Petitioner,<br><br>    v.<br><br>CUEVA, Warden,<br><br>    Respondent. | Case No. 21-02430 BLF (PR)<br><br>**ORDER TO SHOW CAUSE; DENYING MOTION FOR DISCOVERY AND BRIEFING SCHEDULE AS MOOT**<br><br>(Docket No. 8) |

    Petitioner, a California state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction out of Humboldt County Superior Court.[1] Dkt. No. 1 at 1. Petitioner has paid the filing fee. Dkt. No. 4.

## DISCUSSION

### I.  Standard of Review

    This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

---

[1] This matter was reassigned to this Court on May 5, 2021, after Petitioner did not file consent to magistrate judge jurisdiction in the time provided. Dkt. No. 6.

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

## II. <u>Petitioner's Claims</u>

Petitioner sets forth eight grounds for federal habeas relief: (1) actual innocence, Dkt. No. 1 at 5-7; (2) ineffective assistance of trial counsel, *id.* at 5, 8-10; (3) ineffective assistance of appellate counsel, *id.* at 5, 11-12; (4) "no evidence/false evidence/perjured testimony," *id.* at 13, 14; (5) denial of "civil right's [*sic*] and due process," *id.* at 15, 16; (6) "jury venire/misconduct with extreme bias," *id.* at 17-18; (7) judicial misconduct and prosecutorial misconduct, *id.* at 19-21; and (8) new evidence, *id.* at 22-23. Liberally construed, these claims are cognizable under § 2254, and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and any exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. *See* Dkt. No. 1. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **ninety (90) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy

of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4.  It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5.  In light of the foregoing, Petitioner's motion for discovery and briefing schedule are DENIED as moot. Dkt. No. 8.

This order terminates Docket No. 8.

**IT IS SO ORDERED.**

Dated:  __August 13, 2021____

BETH LABSON FREEMAN
United States District Judge

Order to Show Cause; Deny Motion as Moot
P:\PRO-SE\BLF\HC.21\02403Spillard_osc&mot.docx